UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
_____X

| | |
|---|---|
| Francis E. Bakutis | Civil Action No: 3:02CV01877(SRU) |
|    Plaintiff | <u>FELA HEARING LOSS CASES – MAY BE FILED IN NEW HAVEN AS ORDERED BY MAGISTRATE JUDGE MARGOLIS.</u> |
| VS. | |
| Metro-North Railroad Company, et al. | January 27, 2004 |
|    Defendants | |

_____X

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
_____X

| | |
|---|---|
| Maurice Barrett | Civil Action No: 3:03CV00180(DJS) |
|    Plaintiff | <u>FELA HEARING LOSS CASES – MAY BE FILED IN NEW HAVEN AS ORDERED BY MAGISTRATE JUDGE MARGOLIS.</u> |
| VS. | |
| Metro-North Railroad Company, et al. | January 27, 2004 |
|    Defendants | |

_____X

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
_____X

| | |
|---|---|
| David B. Betrix | Civil Action No: 3:03CV00181(WWE) |
|    Plaintiff | <u>FELA HEARING LOSS CASES – MAY BE FILED IN NEW HAVEN AS ORDERED BY MAGISTRATE JUDGE MARGOLIS.</u> |
| VS. | |
| Metro-North Railroad Company, et al. | January 27, 2004 |
|    Defendants | |

_____X

**<u>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION FOR RECONSIDERATION</u>**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
_____X

| | |
|---|---|
| Michael Bettini | Civil Action No: 3:02CV02030(RNC) |
| Plaintiff | <u>FELA HEARING LOSS CASES – MAY BE FILED IN NEW HAVEN AS ORDERED BY MAGISTRATE JUDGE MARGOLIS.</u> |
| VS. | |
| Metro-North Railroad Company, et al. | January 27, 2004 |
| Defendants | |

_____X

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
_____X

| | |
|---|---|
| Robert C. Black | Civil Action No: 3:02CV01873(AVC) |
| Plaintiff | <u>FELA HEARING LOSS CASES – MAY BE FILED IN NEW HAVEN AS ORDERED BY MAGISTRATE JUDGE MARGOLIS.</u> |
| VS. | |
| Metro-North Railroad Company, et al. | January 27, 2004 |
| Defendants | |

_____X

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
_____X

| | |
|---|---|
| Thomas, Byrne, Sr. | Civil Action No: 3:03CV00182(CFD) |
| Plaintiff | <u>FELA HEARING LOSS CASES – MAY BE FILED IN NEW HAVEN AS ORDERED BY MAGISTRATE JUDGE MARGOLIS.</u> |
| VS. | |
| Metro-North Railroad Company, et al. | January 27, 2004 |
| Defendants | |

_____X

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
_____X

| | |
|---|---|
| James E. Caffrey | Civil Action<br>No: 3:02CV01884(CFD) |
|    Plaintiff | <u>FELA HEARING LOSS CASES –<br>MAY BE FILED IN NEW HAVEN<br>AS ORDERED BY MAGISTRATE<br>JUDGE MARGOLIS.</u> |
| VS. | |
| Metro-North Railroad Company, et al. | January 27, 2004 |
|    Defendants | |

_____X

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
_____X

| | |
|---|---|
| Paul F. Ciuzio | Civil Action<br>No: 3:02CV02032(JBA) |
|    Plaintiff | <u>FELA HEARING LOSS CASES –<br>MAY BE FILED IN NEW HAVEN<br>AS ORDERED BY MAGISTRATE<br>JUDGE MARGOLIS.</u> |
| VS. | |
| Metro-North Railroad Company, et al. | January 27, 2004 |
|    Defendants | |

_____X

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
_____X

| | |
|---|---|
| Samuel J. Compo | Civil Action<br>No: 3:02CV1675(PCD) |
|    Plaintiff | <u>FELA HEARING LOSS CASES –<br>MAY BE FILED IN NEW HAVEN<br>AS ORDERED BY MAGISTRATE<br>JUDGE MARGOLIS.</u> |
| VS. | |
| Metro-North Railroad Company, et al. | January 27, 2004 |
|    Defendants | |

_____X

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
_____X

| | |
|---|---|
| Frank A. DiLorenzo | Civil Action No: 3:03CV00183(AWT) |
|     Plaintiff | <u>FELA HEARING LOSS CASES – MAY BE FILED IN NEW HAVEN AS ORDERED BY MAGISTRATE JUDGE MARGOLIS.</u> |
| VS. | |
| Metro-North Railroad Company, et al. | January 27, 2004 |
|     Defendants | |

_____X

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
_____X

| | |
|---|---|
| Richard Fanning | Civil Action No: 3:02CV02034(SRU) |
|     Plaintiff | <u>FELA HEARING LOSS CASES – MAY BE FILED IN NEW HAVEN AS ORDERED BY MAGISTRATE JUDGE MARGOLIS.</u> |
| VS. | |
| Metro-North Railroad Company, et al. | January 27, 2004 |
|     Defendants | |

_____X

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
_____X

| | |
|---|---|
| Thomas Farley | Civil Action No: 3:02CV02035(WWE) |
|     Plaintiff | <u>FELA HEARING LOSS CASES – MAY BE FILED IN NEW HAVEN AS ORDERED BY MAGISTRATE JUDGE MARGOLIS.</u> |
| VS. | |
| Metro-North Railroad Company, et al. | January 27, 2004 |
|     Defendants | |

_____X

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
_____X

| | |
|---|---|
| Calogero Farruggio | Civil Action No: 3:02CV02036(CFD) |
|    Plaintiff | <u>FELA HEARING LOSS CASES – MAY BE FILED IN NEW HAVEN AS ORDERED BY MAGISTRATE JUDGE MARGOLIS.</u> |
| VS. | |
| Metro-North Railroad Company, et al. | January 27, 2004 |
|    Defendants | |

_____X

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
_____X

| | |
|---|---|
| Robert L. Fuda | Civil Action No: 3:02CV01678(RNC) |
|    Plaintiff | <u>FELA HEARING LOSS CASES – MAY BE FILED IN NEW HAVEN AS ORDERED BY MAGISTRATE JUDGE MARGOLIS.</u> |
| VS. | |
| Metro-North Railroad Company, et al. | January 27, 2004 |
|    Defendants | |

_____X

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
_____X

| | |
|---|---|
| John P. Geary | Civil Action No: 3:02CV01679(WWE) |
|    Plaintiff | <u>FELA HEARING LOSS CASES – MAY BE FILED IN NEW HAVEN AS ORDERED BY MAGISTRATE JUDGE MARGOLIS.</u> |
| VS. | |
| Metro-North Railroad Company, et al. | January 27, 2004 |
|    Defendants | |

_____X

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
_____X

| | |
|---|---|
| Clyde Gibbs | Civil Action<br>No: 3:02CV02037(WWE) |
| Plaintiff | <u>FELA HEARING LOSS CASES –<br>MAY BE FILED IN NEW HAVEN<br>AS ORDERED BY MAGISTRATE<br>JUDGE MARGOLIS.</u> |
| VS. | |
| Metro-North Railroad Company, et al. | January 27, 2004 |
| Defendants | |

_____X

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
_____X

| | |
|---|---|
| Dennis Inconstanti | Civil Action<br>No: 3:03CV00184(JCH) |
| Plaintiff | <u>FELA HEARING LOSS CASES –<br>MAY BE FILED IN NEW HAVEN<br>AS ORDERED BY MAGISTRATE<br>JUDGE MARGOLIS.</u> |
| VS. | |
| Metro-North Railroad Company, et al. | January 27, 2004 |
| Defendants | |

_____X

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
_____X

| | |
|---|---|
| Thomas Infantino | Civil Action<br>No: 3:02CV02038(GLG) |
| Plaintiff | <u>FELA HEARING LOSS CASES –<br>MAY BE FILED IN NEW HAVEN<br>AS ORDERED BY MAGISTRATE<br>JUDGE MARGOLIS.</u> |
| VS. | |
| Metro-North Railroad Company, et al. | January 27, 2004 |
| Defendants | |

_____X

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
―――――――――――――――――――――――X

| | |
|---|---|
| John F. Johnson, Jr. | Civil Action No: 3:03CV00185(GLG) |
| Plaintiff | <u>FELA HEARING LOSS CASES – MAY BE FILED IN NEW HAVEN AS ORDERED BY MAGISTRATE JUDGE MARGOLIS.</u> |
| VS. | |
| Metro-North Railroad Company, et al. | January 27, 2004 |
| Defendants | |

―――――――――――――――――――――――X

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
―――――――――――――――――――――――X

| | |
|---|---|
| Charles A. Kane | Civil Action No: 3:02CV01878(CFD) |
| Plaintiff | <u>FELA HEARING LOSS CASES – MAY BE FILED IN NEW HAVEN AS ORDERED BY MAGISTRATE JUDGE MARGOLIS.</u> |
| VS. | |
| Metro-North Railroad Company, et al. | January 27, 2004 |
| Defendants | |

―――――――――――――――――――――――X

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
―――――――――――――――――――――――X

| | |
|---|---|
| Karl Kautz | Civil Action No: 3:02CV01874(JBA) |
| Plaintiff | <u>FELA HEARING LOSS CASES – MAY BE FILED IN NEW HAVEN AS ORDERED BY MAGISTRATE JUDGE MARGOLIS.</u> |
| VS. | |
| Metro-North Railroad Company, et al. | January 27, 2004 |
| Defendants | |

―――――――――――――――――――――――X

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
_____X

| | |
|---|---|
| Thomas Kiniry | Civil Action No: 3:02CV01680(JBA) |
| Plaintiff | <u>FELA HEARING LOSS CASES – MAY BE FILED IN NEW HAVEN AS ORDERED BY MAGISTRATE JUDGE MARGOLIS.</u> |
| VS. | |
| Metro-North Railroad Company, et al. | January 27, 2004 |
| Defendants | |

_____X

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
_____X

| | |
|---|---|
| Frederick N. Koval | Civil Action No: 3:02CV01879(GLG) |
| Plaintiff | <u>FELA HEARING LOSS CASES – MAY BE FILED IN NEW HAVEN AS ORDERED BY MAGISTRATE JUDGE MARGOLIS.</u> |
| VS. | |
| Metro-North Railroad Company, et al. | January 27, 2004 |
| Defendants | |

_____X

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
_____X

| | |
|---|---|
| Richard, J. Laskevitch | Civil Action No: 3:02CV01676(GLG) |
| Plaintiff | <u>FELA HEARING LOSS CASES – MAY BE FILED IN NEW HAVEN AS ORDERED BY MAGISTRATE JUDGE MARGOLIS.</u> |
| VS. | |
| Metro-North Railroad Company, et al. | January 27, 2004 |
| Defendants | |

_____X

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
_____X

| | |
|---|---|
| Sigismondo LoVerme | Civil Action |
|     Plaintiff | No: 3:02CV01880(PCD) |
| | <u>FELA HEARING LOSS CASES –</u> |
| VS. | <u>MAY BE FILED IN NEW HAVEN</u> |
| | <u>AS ORDERED BY MAGISTRATE</u> |
| | <u>JUDGE MARGOLIS.</u> |
| Metro-North Railroad Company, et al. | January 27, 2004 |
|     Defendants | |

_____X

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
_____X

| | |
|---|---|
| Jerry, D. Patterson, Sr. | Civil Action |
|     Plaintiff | No: 3:03CV00187(GLG) |
| | <u>FELA HEARING LOSS CASES –</u> |
| VS. | <u>MAY BE FILED IN NEW HAVEN</u> |
| | <u>AS ORDERED BY MAGISTRATE</u> |
| | <u>JUDGE MARGOLIS.</u> |
| Metro-North Railroad Company, et al. | January 27, 2004 |
|     Defendants | |

_____X

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
_____X

| | |
|---|---|
| John Raggi | Civil Action |
|     Plaintiff | No: 3:02CV1681(GLG) |
| | <u>FELA HEARING LOSS CASES –</u> |
| VS. | <u>MAY BE FILED IN NEW HAVEN</u> |
| | <u>AS ORDERED BY MAGISTRATE</u> |
| | <u>JUDGE MARGOLIS.</u> |
| Metro-North Railroad Company, et al. | January 27, 2004 |
|     Defendants | |

_____X

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
_____X

| | |
|---|---|
| Pedro S. Rodriguez | Civil Action No: 3:03CV00188(JBA) |
|     Plaintiff | <u>FELA HEARING LOSS CASES – MAY BE FILED IN NEW HAVEN AS ORDERED BY MAGISTRATE JUDGE MARGOLIS.</u> |
| VS. | |
| Metro-North Railroad Company, et al. | January 27, 2004 |
|     Defendants | |

_____X

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
_____X

| | |
|---|---|
| Edward Paul Russo | Civil Action No: 3:02CV01682(JCH) |
|     Plaintiff | <u>FELA HEARING LOSS CASES – MAY BE FILED IN NEW HAVEN AS ORDERED BY MAGISTRATE JUDGE MARGOLIS.</u> |
| VS. | |
| Metro-North Railroad Company, et al. | January 27, 2004 |
|     Defendants | |

_____X

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
_____X

| | |
|---|---|
| Antonio P. Sartori, Jr. | Civil Action No: 3:02CV02039(PCD) |
|     Plaintiff | <u>FELA HEARING LOSS CASES – MAY BE FILED IN NEW HAVEN AS ORDERED BY MAGISTRATE JUDGE MARGOLIS.</u> |
| VS. | |
| Metro-North Railroad Company, et al. | January 27, 2004 |
|     Defendants | |

_____X

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
_____X

| | |
|---|---|
| Alfred C. Schumacher | Civil Action No: 3:02CV01875(AHN) |
| Plaintiff | <u>FELA HEARING LOSS CASES – MAY BE FILED IN NEW HAVEN AS ORDERED BY MAGISTRATE JUDGE MARGOLIS.</u> |
| VS. | |
| Metro-North Railroad Company, et al. | January 27, 2004 |
| Defendants | |

_____X

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
_____X

| | |
|---|---|
| James R. Scofield | Civil Action No: 3:02CV1683(JCH) |
| Plaintiff | <u>FELA HEARING LOSS CASES – MAY BE FILED IN NEW HAVEN AS ORDERED BY MAGISTRATE JUDGE MARGOLIS.</u> |
| VS. | |
| Metro-North Railroad Company, et al. | January 27, 2004 |
| Defendants | |

_____X

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
_____X

| | |
|---|---|
| Michael Selmont | Civil Action No: 3:02CV1677(GLG) |
| Plaintiff | <u>FELA HEARING LOSS CASES – MAY BE FILED IN NEW HAVEN AS ORDERED BY MAGISTRATE JUDGE MARGOLIS.</u> |
| VS. | |
| Metro-North Railroad Company, et al. | January 27, 2004 |
| Defendants | |

_____X

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
_____X

| | |
|---|---|
| Richard H. Starr | Civil Action No: 3:03CV00189(RNC) |
|     Plaintiff | <u>FELA HEARING LOSS CASES – MAY BE FILED IN NEW HAVEN AS ORDERED BY MAGISTRATE JUDGE MARGOLIS.</u> |
| VS. | |
| Metro-North Railroad Company, et al. | January 27, 2004 |
|     Defendants | |

_____X

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
_____X

| | |
|---|---|
| Timothy Strand | Civil Action No: 3:02CV01883(AWT) |
|     Plaintiff | <u>FELA HEARING LOSS CASES – MAY BE FILED IN NEW HAVEN AS ORDERED BY MAGISTRATE JUDGE MARGOLIS.</u> |
| VS. | |
| Metro-North Railroad Company, et al. | January 27, 2004 |
|     Defendants | |

_____X

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
_____X

| | |
|---|---|
| Millard J. Sullivan | Civil Action No: 3:02CV01684(JCH) |
|     Plaintiff | <u>FELA HEARING LOSS CASES – MAY BE FILED IN NEW HAVEN AS ORDERED BY MAGISTRATE JUDGE MARGOLIS.</u> |
| VS. | |
| Metro-North Railroad Company, et al. | January 27, 2004 |
|     Defendants | |

_____X

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
_____X

| | |
|---|---|
| Timothy Sweeney | Civil Action No: 3:02CV01872(RNC) |
|    Plaintiff | <u>FELA HEARING LOSS CASES – MAY BE FILED IN NEW HAVEN AS ORDERED BY MAGISTRATE JUDGE MARGOLIS.</u> |
| VS. | |
| Metro-North Railroad Company, et al. | January 27, 2004 |
|    Defendants | |

_____X

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
_____X

| | |
|---|---|
| Lawrence Tramaglini | Civil Action No: 3:02CV02040(SRU) |
|    Plaintiff | <u>FELA HEARING LOSS CASES – MAY BE FILED IN NEW HAVEN AS ORDERED BY MAGISTRATE JUDGE MARGOLIS.</u> |
| VS. | |
| Metro-North Railroad Company, et al. | January 27, 2004 |
|    Defendants | |

_____X

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
_____X

| | |
|---|---|
| Joseph Walz | Civil Action No: 3:02CV02041(DJS) |
|    Plaintiff | <u>FELA HEARING LOSS CASES – MAY BE FILED IN NEW HAVEN AS ORDERED BY MAGISTRATE JUDGE MARGOLIS.</u> |
| VS. | |
| Metro-North Railroad Company, et al. | January 27, 2004 |
|    Defendants | |

_____X

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
_____X

| | |
|---|---|
| Robert West | Civil Action No: 3:03CV00190(AWT) |
| Plaintiff | <u>FELA HEARING LOSS CASES – MAY BE FILED IN NEW HAVEN AS ORDERED BY MAGISTRATE JUDGE MARGOLIS.</u> |
| VS. | |
| Metro-North Railroad Company, et al. | January 27, 2004 |
| Defendants | |

_____X

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
_____X

| | |
|---|---|
| Robert F. Wright | Civil Action No: 3:03CV00191(RNC) |
| Plaintiff | <u>FELA HEARING LOSS CASES – MAY BE FILED IN NEW HAVEN AS ORDERED BY MAGISTRATE JUDGE MARGOLIS.</u> |
| VS. | |
| Metro-North Railroad Company, et al. | January 27, 2004 |
| Defendants | |

_____X

## **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION**

The Court should reconsider its ruling because (1) it does not take into account the effect of 45 U.S.C. § 60 in actions brought pursuant to Federal Employers' Liability Act (FELA) 45 U.S.C. § 51 et seq., and (2) any such statements are clearly work-product, and by the express language of D. Conn. L. Civ. R. 37(a) do not even have to be identified in a privilege log, let alone produced for an <u>in camera</u> inspection.

The Court Ordered plaintiffs' counsel to produce for <u>in camera</u> inspection any post-litigation "statements taken from or given by the defendants, Conrail and/or Penn

Central, their agents, servants and/or employees which relate in any way to the hearing loss that the plaintiff allegedly received as alleged in his complaint" or any post-litigation statements responsive to RFP 12.  With respect to Rule 4.2 of the Rules of Professional Conduct, the Court stated "to the extent Plaintiffs' counsel has engaged in communications with defendants' employees, Plaintiffs' counsel must have received the consent of defense counsel in accordance with Rule 4.2."

At the outset, plaintiffs' counsel can represent it is not aware of any statements prepared after litigation commenced with respect to the above-captioned hearing loss cases.  However, to the extent the Court suggests any efforts to talk to railroad employees about matters pertaining to the instant cases, or obtaining statements in the future pursuant to 45 U.S.C. Section 60 is a violation of Rule 4.2, the plaintiffs request reconsideration.  Also, to the extent the plaintiffs' counsel obtains written statements from railroad employees in the future, the plaintiffs request the Court reconsider its Order requiring production of said statements to the Court.

Rule 4.2 provides that: "In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer <u>or is authorized by law to do so</u>."  (emphasis added).

Plaintiffs' counsel is authorized by law to contact railroad employees because Title 45 U.S.C. § 60 permits post-litigation contact between an FELA attorney and a railroad employee.  45 U.S.C. § 60 of the Federal Employers' Liability Act (FELA) reads as follows:

> Any contract, rule, regulation, or device whatsoever, the purpose, intent, or effect of which shall be to prevent employees of any common carrier from furnishing voluntarily information to a person in interest as to the facts incident to

> the injury or death of any employee, shall be void, and whoever, by threat, intimidation, order, rule, contract, regulation, or device whatsoever, shall attempt to prevent any person from furnishing voluntarily such information to a person in interest, or whoever discharges or otherwise disciplines or attempts to discipline any employee for furnishing voluntarily such information to a person in interest, shall, upon conviction thereof, be punished by a fine of not more than $1,000 or imprisoned for not more than one year, or by both such fine and imprisonment, for each offense: Provided, that nothing herein contained shall be construed to void any contract, rule, or regulation with respect to any information contained in the files of the carrier, or other privileged or confidential reports.

Post-litigation ex parte contact by plaintiffs' counsel with employees of a railroad defendant in an FELA action does not violate Rule 4.2. United Transportation Union v. Metro-North Com. RR. Co., 862 F. Supp. 55 (SDNY 1994), and 1995 U.S. Dist. Lexis 15989 at 18 (S.D.N.Y. Oct. 30, 1995) (Sweet, J.) (holding FELA attorney's post-litigation ex parte contact with railroad defendant's employee is permitted even if it violates Disciplinary Rule 7-104(A)(1)); Pratt v. National Railroad Passenger Corp., 54 F.Supp. 2d 78, 82 (D. Mass. 1999)(C.J. Young) (holding FELA attorney's ex parte contact with railroad defendant's employee did not violate the ethical requirements of Rule 4.2 as embodied in Local Rule 83.6(4)(B )); Blasena v. Consolidated Rail Corp., 898 F. Supp. 282, 286 (D. N.J. 1995) (holding Rule 4. 2 of professional conduct "flies squarely in the face of the unequivocal language of Sec. 60 and cannot be sustained").[1]

Congress' intent in enacting § 60 was as follows:

> The purpose of the amendment under consideration is to prohibit the enforcement of [rules that prohibit employees from giving information concerning an accident to anyone except specified company officials] and permit those who have information concerning the facts and circumstances of

---

[1] A result contrary to the foregoing opinions was reached in Weibrecht v. Southern Illinois Transfer, Inc., 241 F.3d 875 (7th Cir. 2001).

>> a personal injury to give statements to the injured employee or his dependents, or to someone authorized to represent them.

United Transportation Union, supra, at 9 (citing Senate Comm. on the Judiciary, Amending Employers' Liability Act, S. Rep. No.661, 76th Cong., 1st Sess., at 5 (1939)("Senate Report")).  Congress underscored the importance of railroad employees being free to talk to FELA plaintiffs and their representatives by declaring it to be a federal crime for any person to even attempt to prevent such communications.

Section 60 is an integral part of the FELA, and must be liberally construed.  In the words of one district court that examined the legislative history of Section 60,

> The broad prohibition, "by threat, intimidation, order, rule, contract, regulation or device," indicates that §60 was designed to prevent any direct or indirect chill on the availability of information to any party in interest in an FELA claim.  Therefore, the Act is to be read liberally.

Stark v. Burlington Northern, Inc., 538 F. Supp. 1061, 1062 (D. Col. 1982); see also Sheet Metal Workers Intern. v. Burlington Northern, 736 F.2d 1250, 1252 (8th Cir. 1984) ("Section 60 should be interpreted in the context of the broad remedial purpose behind the Federal Employers' Liability Act.")

In Hendley v. Central of Georgia R. Co., 609 F.2d 1146, 1153 (5th Cir. 1980), cert. denied, 449 U.S. 1093 (1984), a railroad foreman communicated with a co-employee's attorney regarding the co-employee's injury and even took the attorney on a switch engine into a yard so photographs could be taken for use in the co-employee's FELA trial.  The Circuit Court held that such communication by the foreman with an injured co-employee's attorney was protected by Section 60.  Hendley, supra, at 1153.

The United States District Court for the District of Connecticut has found it necessary to equitably enforce the provisions of Section 60 against Metro-North Railroad.  In the case of William Cusack v. Metro-North Commuter Railroad, Civ. No.

N90-83 (TFGD), U.S. District Judge T.F. Gilroy Daly issued an Order prohibiting Metro-North claim agents and attorneys from preventing or attempting to prevent Metro-North employees from communicating with the FELA plaintiff's attorney regarding the facts incident to the FELA plaintiff's injury. After careful review of the Affidavits and Memoranda filed by both sides, Judge Daly ordered:

> Accordingly, the Court hereby ORDERS that the defendant Metro-North Commuter Railroads its agents, attorneys, officers, and claim agents, including but not limited to Claim Agent John J. McGovern shall cease and desist from any and all further threats, intimidation, coercion, or any other devices whatsoever the purpose, intent, or effect of which is to prevent or attempt to prevent employees with information regarding the plaintiff William Cusack's alleged FELA injury - including but not limited to Gerard J. Colligan - from voluntarily furnishing information to the plaintiff or to the plaintiff's attorney regarding the facts incident to the plaintiffs alleged FELA injury. It is hereby further ORDERED that the defendant Metro North Commuter Railroad—its agents, attorneys, officers, and claim agents, including but not limited to Claim Agent John J. McGovern—are hereby prohibited from retaliating against, discharging, or disciplining in any way such employees including but not limited to employee Gerald J. Corrigan—in connection with their furnishing of information to plaintiff Cusack and to his attorney or in connection with their testimony at the upcoming trial before this Court of William Cusack's FELA case. This Order may be enforced by any person who is affected by its violation at any point before, during, or after the trial of the plaintiff's FELA case.

Order dated March 28, 1991 [Exh. 1].

For the reasons set forth above, the plaintiffs respectfully request the Court reconsider its ruling with respect to RFP 4 and 12. Upon reconsideration, the plaintiffs request that the Court only require production of responsive documents prepared prior to commencement of the respective hearing loss case. The plaintiffs also request an extension of time within which to file any objections to the Court's Ruling until ten days

after the Court rules on the instant Motion for Reconsideration.

                            FOR THE PLAINTIFFS,

                        By_____
                          Scott E. Perry (ct17236)
                          CAHILL & GOETSCH, P.C.
                          43 Trumbull Street
                          New Haven, Connecticut  06511
                          (203) 777-1000

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was mailed, first class mail, postage prepaid, on this 27th day of January, 2004 to Lori A. McCarthy, Esq., Flynn & Associates, P.C., 189 State Street, 6th Floor, Boston, Massachusetts 02109; and to Anthony D. Sutton, Esq., Ryan, Ryan, Johnson & Deluca, LLP, 80 Fourth Street, P.O. Box 3057, Stamford, Connecticut  06905.

                          _____
                          Scott E. Perry